■ In the Matter of PAULINE REBECCA, Appellant, v CITY OF NEW YORK et al., Respondents. [720 NYS2d 136] —Judgment, Supreme Court, New York County (Walter Tolub, J.), entered August 20, 1999, which dismissed the petition brought pursuant to CPLR article 78 to annul a determination, dated April 10, 1998, of respondent City of New York Department for the Aging (DFTA), denying petitioner's request for transfer of her deceased father's Senior Citizen Rent Increase Exemption (SCRIE) benefits, unanimously affirmed, without costs.

DFTA's decision to deny petitioner's request to transfer her deceased father's SCRIE benefits to her was not arbitrary and capricious, but rather, was rationally based upon the fact that petitioner was not listed as a household member on either her father's initial application for SCRIE benefits, or on his subsequently filed SCRIE recertification forms, which, we note, contained specific inquiries respecting household constituents. As the IAS Court found, the DFTA policy that SCRIE benefits are not transferrable unless, *inter alia*, the person requesting transfer of benefits was listed as a household member on the original application or on subsequent recertification applications, is rational since it prevents individuals who were not members of the household from falsely claiming receipt of another's SCRIE benefits upon termination of the original applicant's benefits. DFTA's policy does not undermine the intent of the SCRIE program, particularly since the transfer of SCRIE benefits is not addressed in the SCRIE statute and petitioner independently applied for and received her own SCRIE benefits (*see*, Administrative Code of City of NY §§ 26-405, 26-406). Concur—Sullivan, P. J., Nardelli, Williams, Tom and Friedman, JJ.